# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 17, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | No. 16-827V |
| ROBERT BRETT MAXWELL, | * | Special Master Sanders |
| | * | Stipulation for Award; Pneumococcal Conjugate |
| Petitioner, | * | Vaccine ("Prevnar"); Serum Sickness; Chronic |
| | * | Serum Sickness; Inflammatory Polyarthritis; |
| v. | * | Chronic Kidney Disease; Liver Complications; |
| | * | Acute Renal Failure Associated with Serum |
| SECRETARY OF HEALTH | * | Sickness; Chronic Renal Failure; Metabolic |
| AND HUMAN SERVICES, | * | Acidosis; Microscopic Hematuria; Proteinuria; |
| | * | Renal Glycosuria; Elevation of Acute Phase |
| Respondent. | * | Reactants; Colitis; Shoulder Injury Related to |
| * * * * * * * * * * * * * * | | Vaccine Administration ("SIRVA") |

Phyllis Widman, Widman Law Firm, LLC, Ocean City, NJ, for Petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On July 12, 2016, Robert Brett Maxwell ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the pneumococcal conjugate vaccine ("Prevnar") vaccine he received on July 15, 2013 caused him to develop "serum sickness, chronic serum sickness, inflammatory polyarthritis, chronic kidney disease, liver complications, acute renal failure associated with serum sickness, chronic renal failure, metabolic acidosis, microscopic hematuria, proteinuria, renal gly[c]osuria, elevation of acute phase reactants, colitis, and shoulder injury related to vaccine administration ("SIRVA")." Stip. at 1, ECF No. 45. Petitioner further alleged that he experienced residual effects of those injuries for more than six months. *Id.*

On August 17, 2018, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner. Stip. at 2. Respondent denies that the Prevnar vaccine caused Petitioner's alleged injuries, or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury. *Id.* Nevertheless, the parties agree to the

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $100,000.00 in the form of a check payable to [P]etitioner, Robert Brett Maxwell.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Stip. at 2.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

    **IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT BRETT MAXWELL, ) | |
| ) | |
| Petitioner, ) | No. 16-827V |
| ) | Special Master Sanders |
| v. ) | |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Robert Brett Maxwell, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of a pneumococcal conjugate vaccine ("Prevnar"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a Prevnar immunization on July 15, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered serum sickness, chronic serum sickness, inflammatory polyarthritis, chronic kidney disease, liver complications, acute renal failure associated with serum sickness, chronic renal failure, metabolic acidosis, microscopic hematuria, proteinuria, renal glysosuria, elevation of acute phase reactants, colitis, and shoulder injury related to vaccine administration ("SIRVA") as a result of the administration of the Prevnar vaccine, and that he experienced residual effects of these injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the Prevnar vaccine caused petitioner's alleged injuries, or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $100,000.00, in the form of a check payable to petitioner, Robert Brett Maxwell. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Prevnar vaccination administered on July 15, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about July 12, 2016, in the United States Court of Federal Claims as petition No. 16-827V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Prevnar vaccine caused petitioner's alleged injuries, or any other injury or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

*R Brett Maxwell*
ROBERT BRETT MAXWELL

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*Phyllis Widman*<br>PHYLLIS WIDMAN, ESQ.<br>WIDMAN LAW FIRM LLC<br>859 Ocean Avenue<br>Ocean City, New Jersey 08226<br>(732) 829-3416<br><br><br>*Narayan Nair*<br><br>NARAYAN NAIR, M.D.<br>Director, Division of Injury<br>Compensation Programs (DICP)<br>Healthcare Systems Bureau<br>U.S. Department of Health<br>and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 11C-26<br>Rockville, MD 20857 | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*Catharine E. Reeves*<br>CATHARINE E. REEVES<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br><br>*Linda Renzi*<br>LINDA S. RENZI<br>Senior Trial Counsel<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 616-4133 |

Dated: August 17, 2018