# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 17, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| ROBERT BRETT MAXWELL,       * | |
|                             * | |
|     Petitioner,             * | No. 16-827V |
|                             * | Special Master Sanders |
| v.                          * | |
|                             * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH         * | |
| AND HUMAN SERVICES,         * | |
|                             * | |
|     Respondent.             * | |
| * * * * * * * * * * * * * | |

Phyllis Widman, Widman Law Firm, LLC, Ocean City, NJ, for Petitioner.
Linda Sara Renzi, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 12, 2016, Robert Brett Maxwell ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the pneumococcal conjugate ("Prevnar") vaccine he received on July 15, 2013 caused him to develop "serum sickness, chronic serum sickness, inflammatory polyarthritis, chronic kidney disease, liver complications, acute renal failure associated with serum sickness, chronic renal failure, metabolic acidosis, microscopic hematuria, proteinuria, renal gly[c]osuria, elevation of acute phase reactants, colitis, and shoulder injury related to vaccine administration ("SIRVA")." Stip. At 1, ECF No. 45. Petitioner further alleged that he experienced residual effects of those injuries for more than six months. *Id.*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On August 17, 2018, Respondent filed a Stipulation for award of compensation, which the undersigned adopted as the Decision Awarding Damages on the same day (ECF No. 46). On August 13, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 44 ("Fees App."). Petitioner requested total attorneys' fees and costs in the amount of $49,868.21. Fees App at 3. Pursuant to General Order No. 9, Petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Ex. 3. Respondent reacted to the motion on August 29, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 49). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.' " *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a. Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests that his attorney, Ms. Phyllis Widman, be compensated at a flat rate of $350 per hour for all work performed from 2016-2018. Fees App. at 3. Ms. Widman has previously been determined to be entitled to in-forum rates. *See Lewis v. Sec'y of Health & Human Servs.*, No. 15-941V, 2016 WL 5920739, at *5 (Fed. Cl. Spec. Mstr. Sept. 15, 2016). Ms. Widman has been an attorney since 1998 and prior to focusing on Vaccine Program work, she spent several years focusing her practice on criminal defense.[4]

The requested rates for Ms. Widman require some adjustments. Special Masters who have previously considered Ms. Widman's rates have held that $300 per hour for work performed in 2016 and 2017 is appropriate. *See Lewis*, 2016 WL 5920739, at *5 (awarding Ms. Widman $300 per hour for all work performed through 2016); *Thompson v. Sec'y of Health & Human Servs.*, No. 15-1498V, at *4 (Fed. Cl. Spec. Mstr. Aug. 2, 2017) (awarding Ms. Widman $300 per hour for all work performed from 2015-2017). Indeed, as *Thompson* and *Lewis* make clear, Ms. Widman was awarded $300 per hour not only because those rates were reasonable for an attorney with her experience, but because the billing records indicate that is the rate at which she billed. Nevertheless, Ms. Widman now seeks to be compensated for all work performed between 2016 and 2018 at $350 per hour.

Ms. Widman has provided no justification (i.e., an affidavit) for why the undersigned should award her a rate of $350 per hour for work performed in 2016-2017 when other special masters have awarded her $300 per hour for work performed contemporaneously. Nor has Ms. Widman justified why she charged $300 per hour in those cases while charging $350 per hour in the instant case, despite the necessary inference that she worked on all three cases simultaneously for at least a short period of time. Accordingly, the undersigned will compensate Ms. Widman at $300 for work performed in 2016 and 2017, consistent with prior determinations of this court. The billing record indicates that Ms. Widman billed 105.05 hours from 2016-2017. Fees App. Ex. 1 at 1-11. By adjusting her rate to $300 per hour, this results in a reduction of. $5,252.50.

---

[3] The 2015-2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Ms. Widman did not submit an affidavit in support of her requested rates in the fees application. The information on her legal background is drawn from her firm's web page. *See* PHYLLIS WIDMAN, https://www.widmanlawfirm.com/phyllis-widman.html (last visited September 13, 2018).

Concerning the requested rate of $350 per hour for work performed in 2018, the undersigned finds that the requested rate is reasonable. Accordingly, no adjustment to this rate is required.

### b. Hours Expended

Petitioner requests compensation for 133.35 hours billed by Ms. Widman. Fees App. at 3. However, the undersigned has reviewed the billing records and found that there are several similar entries billed which, in total, represent an unnecessarily large amount of time.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

The billing records reveal a total of 44 separate entries described as "Review of ECF" followed by the document that was reviewed. In the case of these entries, the documents being reviewed were typically orders from the court (typically non-PDF orders) and joint status reports. Although these entries were typically billed for .1 or .15 hours, the total amount of these billing entries creates an overall unreasonable amount of time spent reviewing extremely short orders and motions (3.7 hours in 2016-2017 and 1.1 hour in 2018). I will therefore only award half of the total requested time for these entries, 1.85 hours for 2016-2017 and 0.55 hours for 2018. This results in a reduction of $555.00 for work performed in 2016-2017, and $192.50 for work performed in 2018, for a total reduction of $747.50.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests the following attorneys' costs: $400 for the filing fee, $45.71 for medical records, and $2,750.00 for the services of Dr. Arthur Brawer in preparing an expert report. Fees App. at 3.

The filing fee and medical records are costs which are routine and expected in Vaccine Program litigation, and Petitioner has provided adequate support for these costs. Accordingly, they shall be awarded in full. Turning to the costs for Dr. Brawner's services, the undersigned also finds this cost to be reasonable. One issue, however, is that Dr. Brawner's invoice does not contain a proposed hourly rate for his work, nor does it contain a breakdown of how much time Dr. Brawner spent on reviewing the medical records and preparing his report. As with attorneys, fees for experts in the Vaccine Program are subject to the same reasonableness standards as fees for attorneys. *Pelton v. Sec'y of Health & Human Servs.*, No. 14-674V, 2017 WL 3378773, at *6 (Fed. Cl. Spec. Mstr. July 12, 2017) (citing *Baker v. Sec'y of Health & Human Servs.*, No. 99-653, 2005 WL589431, at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005)).

Nevertheless, the undersigned will still award the full amount requested. Dr. Brawner's report indicates that he reviewed the medical records for this case, well over 600 pages in total. Assuming a hypothetical hourly rate of $275 per hour for Dr. Brawner's work (a fairly modest rate given Dr. Brawner's experience in treating arthritis), this would put Dr. Brawner at ten hours to review the medical records and draft his report. This amount of time would be reasonable in the undersigned's opinion. Furthermore, Dr. Brawner's report no doubt played a valuable role in helping this case eventually reach settlement. Therefore, the requested cost is reasonable. The undersigned notes, however, that in the future counsel should ensure that all requests for expert costs are accompanied with an hourly rate for that expert along with a breakdown of his or her work, similar to what counsel has provided.

## II.   Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $46,672.50 |
| (Total Reduction from Rate Adjustment) | - $5,252.50 |
| (Total Reduction from Billing Hours) | - $747.50 |
| **Total Attorneys' Fees Awarded** | **$40,672.50** |
| | |
| Attorneys' Costs Requested | $3,195.71 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,195.71** |
| | |
| **Total Amount Awarded** | **$43,868.21** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $43,868.21 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Phyllis Widman, of Widman Law Firm LLC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).